**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PABLO VILLAGRAN,** | : |
| | : |
| Petitioner, | : CIVIL NO. 3:CV-07-1615 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| **TROY WILLIAMSON,** | : |
| | : |
| Respondent. | : |

**M E M O R A N D U M**

**I.    Introduction**

Pablo Villagran, an inmate confined at the United States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 4, 2007.  (Dkt. Entry 1.)  Along with his petition, he submitted a supporting memorandum of law.  (Dkt. Entry 2.)  He has paid the required filing fee.  In the petition, Villagran challenges his conviction and sentence in the United States District Court for the Middle District of Pennsylvania for the offense of 2nd Degree Murder in violation of 18 U.S.C. §1111.  For the reasons that follow, the petition will be dismissed for lack of jurisdiction because Villagran has failed to show that his remedy pursuant to 28 U.S.C. § 2255 for challenging his federal conviction or sentence is inadequate or ineffective.

**II.      Background**

Petitioner alleges that on February 19, 1997, a federal grand jury indicted him on charges of murdering another inmate at USP-Lewisburg in violation of 18 U.S.C. § 1111.  Petitioner contends that his lawyer advised him that if he pled guilty to Second Degree Murder, he would receive a sentence as low as eleven (11) years, but no longer that seventeen (17) years.  As a condition of his plea, a co-defendant would be allowed to plead guilty to Manslaughter in violation of 18 U.S.C. § 1112, and receive a sentence no longer than ten (10) years imprisonment.

On October 30, 1998, Petitioner entered his plea to Second Degree Murder, and his co-defendant entered a plea to Manslaughter.  On June 14, 1999, Petitioner was sentenced to 27 years and 3 months imprisonment, to run consecutively to the 37 year aggregate sentence he was already serving, which was not to be completed until January 18, 2009, providing he maintained a record of clear conduct.  On January 18, 2000, the United States Court of Appeals for the Third Circuit affirmed the judgment.  In the appeal, Petitioner had contended that his pleas was involuntary.  On May 15, 2000, the Untied States Supreme Court denied a request for writ of certiorari.

On April 26, 2001, Petitioner filed a motion with the sentencing court pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence.  On July 12, 2001, the motion was denied.  It does not appear that he has sought permission to file a second or successive § 2255

2

motion with the Third Circuit in that he states the restrictions imposed by the AEDPA make any such motion inadequate and ineffective.

In the instant petition, Villagran raised the following two (2) grounds. He first argues that his trial counsel was ineffective when he misadvised him that he would receive an 11-17 year sentence if he pled guilty. He next argues that, unless his sentence is reduced to 11-17 years, he is "actually innocent." In this regard, he asserts that he "is innocent of a 327 month term." (Dkt. Entry 2 at 37.) His argument appears to be that he only pled guilty to facts that could produce a sentence of between 11 and 17 years in prison.[1]

### III. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254 (1977).[2] A challenge to a

---

[1] It appears that the length of Petitioner's sentence was driven by his status as a career offender. The proof of prior convictions would not fall within the line of cases, starting with Jones v. United States, 526 U.S. 227 (1999), upon which Petitioner relies, as the Supreme Court has not held that the existence of prior convictions must be proven beyond a reasonable doubt.

[2] While subdivision (a) of Rule 1 addresses applications brought under 28 U.S.C. § 2254, subdivision (b) provides that the rules may be applied in § 2241 actions at the discretion of the United States District Court. This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241, e.g., Heath v. Bell, 448 F. Supp. 416, 417 (M.D. Pa. 1977); Pratt v. Pugh, Civ. No. 3:CV-03-1717 slip op. at 3, n.2 (M.D. Pa. June 2, 2004)(Vanaskie, C.J.), and there is no sound reason not to apply Rule 4 in this case.

federal criminal defendant's conviction or sentence, as in the instant case, generally must be brought as a motion pursuant to 28 U.S.C. § 2255 filed in the district court in the district where defendant was convicted. United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999); In re Dorsainvil, 119 F.23 245, 249 (3d Cir. 1997).[3] That is, a § 2255 motion generally "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. 2000)(unpublished table decision)(quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," 28 U.S.C. § 2255, may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence. "It has long been the rule in this circuit that 'the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding

---

[3] Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

4

from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000)(citing United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)).  See also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)(per curiam).

The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See id.; see also, Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001).  Prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective.  Jeffes v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966)(per curiam).  Nor do statutory limitations on filing second or successive § 2255 motions establish the inadequacy or ineffectiveness of the remedy.  See United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)("A petition under §2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements.  Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."); Davenport, 147 F.3d at 608 ("Congress did not change [the 'inadequate or ineffective'] language when in the Antiterrorism Act it imposed limitations on the filing of successive 2255 motions.  The retention of the old language opens the

way to the argument that when the new limitations prevent the prisoner from obtaining relief under 2255, his remedy under that section is inadequate and he may turn to 2241. That can't be right; it would nullify the limitations."). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.) cert. denied, 479 U.S. 993 (1986).

In this case, Villagran has not met his burden to demonstrate that § 2255 "is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 ¶ 5. Simply saying that it is inadequate, ineffective and unavailable does not make it so. Likewise, the remedy available through § 2255 is not rendered inadequate or ineffective merely because Villagran has previously filed an unsuccessful § 2255 motion.

Villagran fails to establish the inadequacy or ineffectiveness of the § 2255 remedy itself. In the course of both his direct appeal and his prior § 2255 motion, Villagran either raised or had the ability to raise both grounds he seeks to pursue in the instant petition. While he was unsuccessful on both fronts, this does not now make § 2241 a proper avenue of relief. Further, Villagran does not argue newly discovered evidence or facts that were unavailable to him in his original § 2255 petition. Nor does he argue the emergence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that would negate the

criminality of his actions.[4]  See 28 U.S.C. § 2244(b)(2)(A).

Section 2241 is not a proper avenue of relief for Villagran and the petition will be dismissed.  An appropriate Order follows.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

---

[4] Petitioner attempts to craft two (2) arguments in support of his quest for § 2241 relief. He first contends that he is "actually innocent" because he only decided to enter a guilty plea to benefit his co-defendant, and that the evidence did not support his guilt.  This claim is clearly without merit as Petitioner made the decision to enter the plea and cannot now attempt to argue his innocence merely because he received a harsher sentence than expected.  In this regard, the excerpts of the plea colloquy quoted in Petitioner's brief include his admission to stabbing the victim.  (Dkt. Entry 2 at 17.)  Second, he contends that the United States Supreme Court handed down a new case following the entry of his plea which now renders his plea invalid, citing Jones v. United States, 526 U.S. 227 (1999).  It is unnecessary to evaluate the holding in this case or whether the case was made retroactive by the Supreme Court because that case was decided prior to the time Petitioner filed his § 2255 motion, and therefore could have been raised in that proceeding.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PABLO VILLAGRAN,** | : |
| | : |
| Petitioner, | : CIVIL NO. 3:CV-07-1615 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| **TROY WILLIAMSON,** | : |
| | : |
| Respondent. | : |

## O R D E R

**NOW, THIS 14th DAY OF SEPTEMBER, 2007,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus (Dkt. Entry 1) is **dismissed**.

2. The Clerk of Court is directed to mark this matter **closed**.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge